Christopher J. Balala, Esq. (030732010)
**FIDELITY NATIONAL LAW GROUP**
105 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
Christopher.Balala@fnf.com
(973) 863-7018 / (973) 535-3407 (fax)
*Attorneys for Plaintiff-Appellee Chicago Title Insurance Company*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

ROSEMARY JOANNE WALSH,

             Appellant-Defendant,

                v.

CHICAGO TITLE INSURANCE COMPANY,

             Appellee- Plaintiff.

---

Docket No.: 3:20-cv-20220-BRM

**APPELLEE-PLAINTIFF'S OPPOSITION
TO APPELLANT- DEFENDANT'S
MOTION FOR EXTENSION OF TIME
TO FILE NOTICE OF APPEAL**

TO:   THE HONORABLE BRIAN R. MARTINOTTI
       United States District Judge
       United States District of New Jersey

      Appellee-Plaintiff Chicago Title Insurance Company ("CTIC" or "Plaintiff"), by and through their undersigned counsel, Fidelity National Law Group, respectfully submits this opposition (the "Opposition") to appellant-defendant Rosemary Joanne Walsh aka Rosemary J. Walsh aka Rosemary Eaton Walsh aka Rosemary J. Eaton Walsh aka Rosemary Joanne Eaton Walsh's ("Defendant") Motion for Extension of Time to File Notice of Appeal filed January 21, 2021 pursuant to Federal Rule of Bankruptcy Procedure 8002, and currently returnable February 16, 2021 (the "Motion") [Dkt. No. 4].  In support of its Opposition, CTIC respectfully submits:

## PRELIMINARY STATEMENT

Defendant's Motion for Extension of Time to File Notice of Appeal is out-of-time and should be denied in its entirety.  Defendant essentially refiles its Prior Motion to Extend Time, which was just denied by the Bankruptcy Court.  Defendant's attempt at relitigating an already decided issue in this manner should not be tolerated.

The instant Motion is untimely, as being filed outside of the 14-day deadline to file a notice of appeal, or motion to enlarge time to file a notice of appeal.  Additionally, Defendant is unable to show excusable neglect and is outside the 35-day deadline to file a motion to enlarge time on those grounds.  In fact, there is no statutory or other controlling legal authority to support the relief requested in the Motion.  Defendant's Motion should be denied for the reasons set forth herein.

## BACKGROUND

On May 23, 2019, Plaintiff filed an adversary proceeding complaint in the United States Bankruptcy Court, District of New Jersey (Trenton) bearing adversary number 19-1971 (the "Complaint").  See, Certification of Christopher J. Balala, Esq. in Support of the Opposition ("Balala Cert."), ¶4.  On July 22, 2019, Defendant filed an answer to the Complaint.  Balala Cert., ¶5.  On November 17, 2020, after a series of motion practice on Defendant's failure to comply with Bankruptcy Court-imposed discovery deadlines, an Order Striking Answer of Defendant and Entering Default Judgment, in favor of Plaintiff, was signed (the "Order Entering Default Judgment").  Balala Cert., ¶6; Exhibit A.  The Order Entering Default Judgment was entered November 19, 2020.  Balala Cert., ¶7; Exhibit A.

On December 3, 2020, Defendant filed a "Motion to Extend Time to File Notices of Appeal Pursuant to FRSB[sic] Rule 8002" (the "Prior Motion to Extend Time").  Balala Cert., ¶8; Exhibit

B.  Defendant's Prior Motion to Extend Time sought a two week extension from the December 3, 2020 deadline to file a notice of appeal.  Balala Cert., ¶9; Exhibit B.  On December 22, 2020, Defendant filed a notice of appeal of entry of the Order Entering Default Judgment (the "Notice of Appeal").  Balala Cert., ¶10; Exhibit C.  The Notice of Appeal was filed nineteen days after the deadline to appeal the Order Entering Default Judgment.  Balala Cert., ¶11; Exhibit C.  Therefore, the survival of the Defendant's appeal relied on the grant of the relief requested in Defendant's Prior Motion to Extend Time.  Balala Cert., ¶12.

On January 19, 2021, the Bankruptcy Court denied Defendant's Prior Motion to Extend Time.  Balala Cert., ¶13; Exhibit D.  On January 21, 2021, Defendant filed an almost identical Motion to Extend Time, now before the District Court.  Balala Cert., ¶14.  For the reasons set forth below, Defendant's Motion should be denied in its entirety and the appeal should be dismissed with prejudice.

## LEGAL ARGUMENT

### I.   DEFENDANT'S MOTION IS UNTIMELY AND SHOULD BE DENIED

The District Court will be required to dismiss the appeal for lack of jurisdiction because Appellant failed to file a timely motion to enlarge the time to appeal.  The appeal of a bankruptcy court's final order must be filed "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).  Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), absent a request to extend the time to appeal, a notice of appeal must be filed within fourteen days of the date of the entry of the order appealed from.  Fed. R. Bankr. P. 8002(a)(1).  The bankruptcy court may extend this time pursuant to Rule 8002(d) "upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect."

Fed. R. Bankr. P. 8002(d)(1). The "prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional." In re Caterbone, 640 F.3d 108, 110 (3d Cir.2011); see also, Bowles v. Russell, 551 U.S. 205, 209 (2007) (noting that courts have "no authority to create equitable exceptions to jurisdictional requirements"). Under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules. See, In re Richardson Indus. Contractors, Inc., 189 F. App'x 93, 96 (3d Cir. 2006).

### A. Defendant's Motion Is Untimely

If the appellant files an appeal before a Rule 8002(b)(1) motion is decided or where, as here, the appellant files the appeal and Rule 8002(b)(1) motions simultaneously, the Rule 8002(b) motions should be decided before the appeal goes forward. In re Markowitz, 190 F.3d 455, 460–61 (6th Cir.1998). The pendency of the appeal does not "divest" the Bankruptcy Court of jurisdiction to hear the Rule 8002(b)(1) motions. Fed. R. Bankr.P. 8002(b)(2); In re Smith Corona Corp., 212 B.R. 59, 60 (Bankr.D.Del. 1997).

Here, the Notice of Appeal was filed December 22, 2020 which is nineteen days after the 14-day deadline to appeal the entry of the November 19, 2020 Order Entering Default expired on December 3, 2020. Exhibits A, C. Instead, on December 3, 2020, Defendant's Prior Motion to Extend Time was filed. Exhibit B. When Defendant's Prior Motion to Extend Time was denied on January 19, 2021, the Notice of Appeal which initiated the commencement of this case, was cemented as untimely. Exhibit D.

Defendant's current Motion is similarly out-of-time. Defendant's attempt at refiling an almost identical motion to Defendant's Prior Motion to Extend Time, is baseless. The instant

Motion is based on "FRBP Rule 8002". The problem for Defendant is the instant Motion was not filed within the 14-day deadline proscribed in Fed. R. Bankr. P. 8002(d)(1)(A). Therefore, the Motion should be denied.

### B.  Defendant Cannot Show Excusable Neglect For Her Untimely Motion

Rule 8002(d)(1) requires that even in cases in which the appealing party can demonstrate excusable neglect in its failure to file a notice of appeal in a timely fashion, an extension of time must be sought by a motion filed within a 35-day window after the time for appeal began to run (comprised of the 14 days for filing an appeal pursuant to Rule 8002(a)(1) plus the 21 days thereafter for filing a motion to enlarge time based on excusable neglect pursuant to Rule 8002(d)(2)). See, Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). "The rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." In re Caterbone, 640 F.3d 108, 114 (3d Cir. 2011) (quoting Shareholders, 109 F.3d at 879); see also, Deyhimy v. Rupp, 970 F.2d 709, 710 (10th Cir. 1992) (finding that the district court lacked jurisdiction to consider the merits of an appellant's untimely appeal where the appellant had failed to file within the complete window of time pursuant to Rule 8002(a)(1) and (d)(2) a motion for extension of time alleging that her failure to file a notice of appeal within the time period established by Rule 8002(a)(1) was due to excusable neglect); Walker v. Bank of Cadiz, 684 F.2d 410, 412-13 (6th Cir. 1982) (ruling that the district court erred in considering the issue of excusable neglect when no motion for an extension of time on that basis was filed in the bankruptcy court).

Here, the 35-day deadline to file a motion to enlarge time based on excusable neglect from the December 3, 2020 deadline to appeal the Order Entering Default, expired on December 24, 2020. Therefore, the instant Motion's filing on January 21, 2021 is untimely. The Motion should

accordingly be denied.

### C.  Defendant Cannot Rely On Any Other Provisions To Make Her Motion Timely

Similarly, Defendant cannot rely on any other grounds for the granting of the Motion. Assuming <u>arguendo</u>, Defendant attempts to rely on 11 U.S.C. § 105(a) in reply to this Opposition, which authorizes a court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code, such argument fails as a matter of law.  This Court may not use its equitable powers in derogation of the statutory command of 11 U.S.C. § 158(c)(2) that an appeal from the bankruptcy court be taken "in the time provided by Rule 8002 of the Bankruptcy Rules."  <u>See</u>, <u>Law v. Siegel</u>, 571 U.S. 415 (2014) ("We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." (<u>quoting</u> <u>Norwest Bank Worthington v. Ahlers</u>, 485 U.S. 197, 206 (1988)).  As such, the Motion must be denied.

### <u>CONCLUSION</u>

WHEREFORE, for each of the reasons set forth above, CTIC respectfully requests that the Court deny Defendant's Motion, and dismiss the pending case with prejudice.

Respectfully submitted,

**Fidelity National Law Group**
*Attorneys for Appellee*
*Chicago Title Insurance Company*

 /s/ Christopher Balala
 Christopher J. Balala, Esq.

Dated: Roseland, New Jersey
        January 29, 2021