Christopher J. Balala, Esq. (030732010)
**FIDELITY NATIONAL LAW GROUP**
105 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
Christopher.Balala@fnf.com
(973) 863-7018 / (973) 535-3407 (fax)
*Attorneys for Plaintiff-Appellee Chicago Title Insurance Company*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSEMARY JOANNE WALSH, | Docket No.: 3:20-cv-20220-BRM |
| Appellant-Defendant, | |
| v. | **CERTIFICATION OF COUNSEL IN SUPPORT OF PLAINTIFF-APPELLEE'S OPPOSITION TO DEFENDANT-APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL** |
| CHICAGO TITLE INSURANCE COMPANY, | |
| Appellee- Plaintiff. | |

I, CHRISTOPHER J. BALALA, ESQ., of full age do hereby certify and state:

1. I am an attorney with Fidelity National Law Group, attorneys for Chicago Title Insurance Company ("Plaintiff"). As such, I am fully familiarly with the facts set forth herein.

2. I submit this Certification in support of Appellee-Plaintiff's opposition to Appellant-Defendant's Motion for Extension of Time to File Notice of Appeal pursuant to Federal Rules of Bankruptcy Procedure 8002 (the "Motion").

3. This Certification is based on my personal knowledge, as well as a review of the records maintained by Plaintiff in the normal course of business.

4. On May 23, 2019, Plaintiff filed an adversary proceeding complaint in the United States Bankruptcy Court, District of New Jersey (Trenton) bearing adversary number 19-1971 (the "Complaint").

5. On July 22, 2019, Defendant filed an answer to the Complaint.

6. On November 17, 2020, after a series of motion practice on Defendant's failure to comply with Bankruptcy Court-imposed discovery deadlines, an Order Striking Answer of Defendant and Entering Default Judgment, in favor of Plaintiff, was signed (the "Order Entering Default Judgment"). A true and correct copy of the Order Entering Default Judgment is attached hereto as **Exhibit A**.

7. The Order Entering Default Judgment was entered November 19, 2020. Id.

8. On December 3, 2020, Defendant filed a "Motion to Extend Time to File Notices of Appeal Pursuant to FRSB[sic] Rule 8002" (the "Prior Motion to Extend Time"). A true and correct copy of the Prior Motion to Extend Time is attached hereto as **Exhibit B**.

9. Defendant's Prior Motion to Extend Time sought a two week extension from the December 3, 2020 deadline to file a notice of appeal. Id.

10. On December 22, 2020, Defendant filed a notice of appeal of entry of the Order Entering Default Judgment (the "Notice of Appeal"). A true and correct copy of the Notice of Appeal is attached hereto as **Exhibit C**.

11. The Notice of Appeal was filed nineteen days after the deadline to appeal the Order Entering Default Judgment. Id.

12. Therefore, the survival of the Defendant's appeal relied on the grant of the relief requested in Defendant's Prior Motion to Extend Time.

13. On January 19, 2021, the Bankruptcy Court denied Defendant's Prior Motion to Extend Time. A true and correct copy of the Order Denying Defendant's Prior Motion to Extend Time is attached hereto as **Exhibit D**.

14. On January 21, 2021, Defendant filed an almost identical Motion to Extend Time, now before the District Court.

15. Based on the foregoing, Plaintiff respectfully requests that the Motion be denied in its entirety.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**FIDELITY NATIONAL LAW GROUP**
Attorneys for Appellee,
Chicago Title Insurance Company

Date: January 29, 2021         By: /s/ Christopher Balala
                                   Christopher J. Balala, Esq.