Christopher J. Balala, Esq. (030732010)
**FIDELITY NATIONAL LAW GROUP**
105 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
Christopher.Balala@fnf.com
(973) 863-7018 / (973) 535-3407 (fax)
*Attorneys for Plaintiff-Appellee Chicago Title Insurance Company*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSEMARY JOANNE WALSH, | Docket No.: 3:20-cv-20220-BRM |
| Appellant-Defendant, | |
| v. | **APPELLEE-PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO APPELLANT-DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL** |
| CHICAGO TITLE INSURANCE COMPANY, | |
| Appellee- Plaintiff. | |

TO:   THE HONORABLE BRIAN R. MARTINOTTI
        United States District Judge
        United States District of New Jersey

Appellee-Plaintiff Chicago Title Insurance Company ("CTIC" or "Plaintiff"), by and through their undersigned counsel, Fidelity National Law Group, respectfully submits this supplemental opposition (the "Supplemental Opposition") to appellant-defendant Rosemary Joanne Walsh aka Rosemary J. Walsh aka Rosemary Eaton Walsh aka Rosemary J. Eaton Walsh aka Rosemary Joanne Eaton Walsh's ("Defendant") supplemental brief (the "Supplemental Brief") in support of her Motion for Extension of Time to File Notice of Appeal pursuant to Federal Rule of Bankruptcy Procedure 8002 (the "Motion").  In support of its Supplemental Opposition, and in further support of its original opposition to the Motion (the "Opposition"), CTIC respectfully

submits:

## **PRELIMINARY STATEMENT**

On June 8, 2021, respective counsel for both Plaintiff and Defendant attended virtual oral argument on Defendant's Motion.  Plaintiff argued that the Motion before the District Court was untimely and was filed before the District Court only after the same motion was denied by the Bankruptcy Court.  At oral argument, Defendant argued that there was an automatic right to refile her Motion before the District Court after a denial by the Bankruptcy Court.  Because this alleged precedent was unfamiliar to Plaintiff, and similarly appeared unfamiliar to the District Court, Defendant was allowed to submit her Supplemental Brief addressing solely this issue.  Defendant's counsel assured the District Court that there was legal authority in support of an alleged automatic right to appeal the Bankruptcy Court's decision denying the Motion without the need to file a separate notice of appeal.  The Supplemental Brief now proves there is no such authority.

Defendant's Supplemental Brief not only fails to adequately support (or arguably even address) the sole issue this Court gave leave to supplementally brief, but it cites to no New Jersey precedent and instead relies on unpublished decisions in the United States Bankruptcy Court Western District of Tennessee, United States District Court Northern District of New York and the United States District Court Southern District of New York.

Respectfully, there is no precedent to allow the District Court to automatically review the denial of the same motion by the Bankruptcy Court without a separate notice of appeal.  As such, the Motion is untimely, as being filed outside of the 14-day deadline to file a notice of appeal, or motion to enlarge time to file a notice of appeal.  In fact, the Motion does not show excusable neglect, and assuming arguendo that it did, it was filed outside the 35-day deadline to file a motion to enlarge time on those grounds.

## <u>LEGAL ARGUMENT</u>

I. **DEFENDANT'S SUPPLEMENTAL BRIEF DOES NOT SUPPORT THE POSITION THAT THIS COURT HAS AN AUTOMATIC RIGHT TO REVIEW THE DENIAL OF DEFENDANT'S SAME MOTION BY THE BANKRUPTCY COURT**

The Order Entering Default Judgment, which Defendant seeks to appeal, was entered November 19, 2020.  <u>See</u>, Opposition, <u>Exhibit A</u>.  On December 3, 2020, Defendant filed a "Motion to Extend Time to File Notices of Appeal Pursuant to FRSB[sic] Rule 8002" in the Bankruptcy Court (the "Prior Motion to Extend Time").  <u>See</u>, Opposition, <u>Exhibit B</u>.  On December 22, 2020, Defendant filed a notice of appeal of entry of the Order Entering Default Judgment in the Bankruptcy Court (the "Notice of Appeal").  <u>See</u>, Opposition, <u>Exhibit C</u>.  The Notice of Appeal was filed nineteen (19) days after the deadline to appeal the Order Entering Default Judgment.  Therefore, the survival of the Defendant's appeal relied on the grant of the relief requested in Defendant's Prior Motion to Extend Time.  On January 19, 2021, the Bankruptcy Court denied Defendant's Prior Motion to Extend Time.  <u>See</u>, Opposition, <u>Exhibit D</u>.  On January 21, 2021, Defendant filed the current Motion, which seeks the same relief, before the District Court.

There is no statutory or other controlling legal authority to support the relief requested in the Motion or of that proposed at oral argument by the Defendant.  The case law cited in the Supplemental Brief does not support Defendant's position, is unpublished, and is not binding on this District Court.  Defendant's Motion should be denied for the reasons set forth herein and those averred in Plaintiff's previously filed Opposition.

The sole reason this Court granted Defendant leave to submit her Supplemental Brief was to address the District Court's authority to review the Bankruptcy Court's denial of their Motion.  Defendant has failed to meet this burden and her Supplemental Brief only bolsters Plaintiff's

arguments contained in its Opposition, as it evidences that no legal authority exists for the District Court to review a Bankruptcy Court Order absent a separate Notice of Appeal for that order.

The Supplemental Brief relies on three cases, In re Berry, Case No. 11-28881-L (Bankr. W.D.Tenn. Apr. 16, 2021) decided by the United States Bankruptcy Court Western District of Tennessee, Todd v. Dribusch, 1:20-cv-45 (GLS) (N.D.N.Y. Mar. 24, 2020) decided by the United States District Court Northern District of New York, and Amelio v. Piazza (In re Amelio), 1:20-cv-3080 (JPC) (S.D.N.Y. Nov. 30, 2020), decided by the United States District Court Southern District of New York.  None of these cited cases support Defendant's argument.

First, Berry is a Bankruptcy Court decision that does not address a District Court's authority to review its order.  Nonetheless in Berry, the attorney for a creditor who sought to cross-appeal a prior Bankruptcy Court order filed a motion for a five-day extension of time to file a notice of appeal.  The debtor, appearing pro se despite being represented by counsel, opposed this relief.  The Berry Court found that the creditor's motion was not late as it had been timely filed, on the fourteenth[1] day following the debtor's notice of appeal.

Coincidentally, Berry actually supports Plaintiff's Opposition by citing to Fed. R. Bankr. P. 9006(b)(3), "The court may enlarge the time for taking action under Rule[] … 8002 ... only to the extent and under the conditions stated under [that] rule."  Berry, pg. 2.  Plaintiff maintains that Defendant's Motion as before the District Court does not comply with the time restraints of Fed. R. Bankr. P. 8002.

Similarly, Todd does not support Defendant's argument.  In Todd, the debtor Laurie A. Todd sought an appeal of a bankruptcy court order sustaining an objection to her amended exemption and had filed a motion to extend the time to file a notice of appeal under the "excusable

---

1 The fourteenth day fell on a Sunday, so the Berry Court stated the creditor's motion was due on the fifteenth day pursuant to Fed. R. Bankr. P. 9006(a)(1)(C).

neglect" standard of <u>Fed. R. Bankr. P.</u> 8002(d)(1)(B) since she missed the 14-day window under <u>Fed. R. Bankr. P.</u> 8002(d)(1)(A).  The <u>Todd</u> Court held that the debtor sought "an extension of time to appeal <u>within</u> the twenty-one days of the expiration of her time to appeal, rendering her eligible for an extension, provided she can meet her burden of demonstrating excusable neglect." <u>Todd</u>, pg. 2 [emphasis added].  The <u>Todd</u> Court remanded the Motion to the Bankruptcy Court for "resolution of Todd's Rule 8002(d)(1) motion" and required the parties to notify the District Court of the outcome.  <u>Id.</u>  Here, the Bankruptcy Court has already considered and denied Defendant's Motion by way of Order entered January 19, 2021.  Any remand to the Bankruptcy Court at this time would be redundant.  The Motion now before the District Court was filed on January 21, 2021 and seeks to extend the time to appeal the Bankruptcy Court Order entered November 19, 2020. This is long past the time contemplated in <u>Todd</u> where it was held that the debtor's motion was timely.

Most perplexing is the Supplemental Brief's reliance on <u>Amelio v. Piazza (In re Amelio)</u>. The <u>Amelio</u> Court held, "the time to appeal the Bankruptcy Court's order denying discharge had expired by the time Debtor filed his Notice of Appeal" and dismissed the debtor's appeal "for lack of appellate jurisdiction."  <u>Amelio</u>, pg. 2.  In <u>Amelio</u>, the debtor sought an appeal of a docket entry reflecting the closure of the adversary proceeding.  <u>Amelio</u>, pg. 6.  The <u>Amelio</u> Court held, "If an appeal of a docket entry stating the closure of a proceeding were to confer appellate jurisdiction on a district court to review prior orders in the case, Rule 8002's explicit terms and clear purpose would be rendered dead letter."  <u>Amelio</u>, pg. 9.  The <u>Amelio</u> Court then looked at the last filed order, the Discharge Denial Order, and found that more than two months had elapsed between entry of that order on January 21, 2020 and the filing of the notice of appeal on April 6, 2020, rendering the debtor's appeal untimely.  <u>Amelio</u>, pg. 10.

Again, coincidentally, <u>Amelio</u> actually supports Plaintiff's position, in stating:

"Section 158(c)(2) provides that bankruptcy appeals must be filed within the time frames provided by Rule 8002 of the Bankruptcy Rules.  As noted previously, Rule 8002 specifies that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.  Fed. R. Bank. P. 8002(a)(1).  This requirement is jurisdictional and is strictly enforced in this Circuit.  *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam) ("We therefore follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether appellant can demonstrate 'excusable neglect.'")."

<u>Amelio</u>, pg. 10.

Similarly in the Third Circuit, "The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review."  <u>Shareholders v. Sound Radio, Inc.</u>, 109 F.3d 873, 879 (3d Cir. 1997) <u>citing</u> <u>In re Universal Minerals, Inc.</u>, 755 F.2d 309, 312 (3d Cir.1985).  Here, the Motion and the Supplemental Brief, does not, because it cannot, create jurisdiction for the District Court to review the Bankruptcy Court's denial of Defendant's Motion.  Defendant's Motion is untimely and should be denied.

<u>**CONCLUSION**</u>

WHEREFORE, for each of the reasons set forth in this Supplemental Opposition, and those averred in CTIC's original Opposition, it respectfully requests that the Court deny Defendant's Motion, and dismiss the pending case with prejudice.

Respectfully submitted,

**Fidelity National Law Group**
*Attorneys for Appellee*
*Chicago Title Insurance Company*

 /s/ Christopher Balala
 Christopher J. Balala, Esq.

Dated: Roseland, New Jersey
        June 23, 2021