# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re:<br>JOHN MICHAEL WALSH and<br>ROSEMARY JOANNE WALSH,<br><br>                          Debtors. | : : : : : : : : | **On Appeal From:**<br>Case No. 19-13567<br>Adv. Pro. 19-01971<br>Hon. Kathryn C. Ferguson, U.S.B.J. |
| MICHAEL WALSH and<br>ROSEMARY JOANNE WALSH,<br><br>                         Appellants,<br><br>           v.<br><br>CHICAGO TITLE<br>INSURANCE COMPANY<br><br>                         Appellee. | : : : : : : : : : : : : | Case No. 2:20-cv-20220-BRM<br>Hon. Brian R. Martinotti, U.S.D.J.<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Notice of Appeal (ECF No. 1) and a Motion for Extension of Time to File Notices of Appeal. (ECF No. 4.) Michael and Rosemary Joanne Walsh ("Appellants") appeal from a Bankruptcy Court order striking their answer and entering a default judgment against them. (ECF No. 1-2.) Chicago Title Insurance Company ("Appellee") opposes the Motion. (ECF No. 6.) Pursuant to Federal Rule of Civil Procedure 78(a), this Court heard oral argument. (ECF No. 8.) For the reasons set forth herein and for good cause shown, Appellants' Motion to Extend Time is **DENIED** and the appeal is **DISMISSED**.

**I.**  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This appeal concerns a Bankruptcy Court order, signed on November 17, 2020, and entered on November 19, 2020, striking Appellants' answer from the record and issuing a non-dischargeable default judgment against Appellants for $175,000.00 ("Bankruptcy Order"). (ECF

No. 3 at 3; ECF No. 1-2 at 3; ECF No. 6-2 at 5.)[1] On December 3, 2020, Appellants filed a Motion to Extend Time to Appeal with the Bankruptcy Court (ECF No. 3 at 2), followed by a Notice of Appeal on December 23, 2020, appealing the Bankruptcy Order. (ECF No. 1.) On January 13, 2021, Appellants filed the designation of record on appeal. (ECF No. 3.)

On January 19, 2021, the Bankruptcy Court denied Appellants' Motion to Extend Time to File Appeal. (ECF No. 6-5 at 1.) On January 21, 2021, Appellants filed another Motion to Extend Time, this time with the district court. (ECF No. 4.)

Four days later, Appellee filed a Counter Designation of the Record on Appeal (ECF No. 5), followed by, on January 29, 2021, a brief in opposition to Appellants' Motion. (ECF No. 6.) This Court held a hearing on June 8, 2021 (ECF No. 8), where Appellants contended the motion to extend time filed with the district court serves as an appeal of the Bankruptcy Court's denial of the first motion to extend time. The Court requested further briefing on the issue and ordered Appellants to file supplemental authority to the Motion to Extend Time. (ECF No. 9). On June 16, 2021, Appellants filed a brief in support of the Motion to Extend Time (ECF No. 10), and on June 23, 2021, Appellees responded (ECF No. 11).

There are, in turn, two issues before the Court: (1) whether the Motion to Extend Time to Appeal filed in the district court on January 21, 2021, constitutes an appeal of the Bankruptcy

---

[1] In the Statement of Issues, Appellants have demarcated a second question for this Court to consider:
> Whether the Bankruptcy Court has failed to justify any of its ruling with respect to discovery in this or related matters, ignored applicable case law as presented and refused to even address the substantive issues presented, but rather relies on procedural pitfalls to deprive Defendants of due process of law.

(ECF No. 3 at 3.) It is unclear what this statement adds to the previous one to consider whether the Bankruptcy Court has erred in its Order.

Court's order denying the extension, and (2) the timeliness of the appeal of the original Bankruptcy Order.

## II.   MOTION FOR EXTENSION OF TIME

Appellants point to three cases purportedly evincing this Court's jurisdiction to review the Bankruptcy Court's denial of the Motion to Extend Time, none of which arise in the District of New Jersey or the wider Third Circuit. (ECF No. 10.) Instead, they rely on opinions from a bankruptcy court in the Western District of Tennessee as well as two district court cases from the Northern and Southern Districts of New York. (*Id.*)

Appellants argue the filing of a motion to extend time vests the district court with jurisdiction to review the Bankruptcy Court's denial of an earlier motion to extend time. (ECF No. 10.) The Court disagrees. Had Appellants' January 21, 2021 Motion to Extend Time, filed with the district court, been filed as an appeal of the Bankruptcy Court's denial of the first Motion to Extend Time, this Court would have considered the appeal to be timely: the entry of the relevant denial order occurred on January 19, 2021, and the Appellants filed the Motion to Extend (which they argue is an appeal) on January 21, 2021, clearly within the fourteen days required by Rule 8002(a)(1). However, Appellants' January 21, 2021 Motion to Extend Time did not relate to the Bankruptcy Court's denial of their extension motion; rather, the January 21, 2021 Motion to Extend Time is clearly intended to relate back to the Bankruptcy Order entered on November 17, 2020. (ECF No. 4.) It is, in fact, virtually identical to the Motion to Extend Time filed with the Bankruptcy Court on December 3, 2020. (*Compare* ECF No. 4; ECF No. 6-3.) Appellants therefore ask this Court to recognize effectively a re-filing of a Motion to Extend Time, which the Bankruptcy Court already denied and which makes no mention of that denial, as providing the basis of jurisdiction.

Appellants are unable to provide a legal basis for this Court's extension of jurisdiction to review the denial of the Motion to Extend Time without a separate Notice of Appeal. Appellants rely on three cases in their supporting brief: *In re Berry*, No. 11-28888-1 (Bankr. W.D. Tenn. 2021); *Todd v. Dribusch*, No. 1:20-cv-45, 2020 U.S. Dist. LEXIS 53734 (N.D.N.Y. Mar. 24, 2020); and *Amelio v. Piazza*, No. 20 Civ. 3080, 2020 U.S. Dist. LEXIS 223959 (S.D.N.Y. Nov. 30, 2020). (ECF No. 10.) The reason for Appellants' inclusion of *Berry* is apparently the citation in that case to a bankruptcy treatise:

> The leading bankruptcy treatise notes that "[t]he absence of a standard to govern the decision of the bankruptcy court if the request for an extension of time is made prior to the expiration of the periods described in Rule 8002(a) and (b) suggests that, with [certain] exceptions . . . , the extension should usually be granted."

*In re Berry*, No. 11-28888-1, at *3 (quoting 10 Collier on Bankruptcy ¶ 8002.12 (16th ed. 2021)). Appellants specifically emphasize the language indicating "the extension should usually be granted." (ECF No. 10 at 3.) First, this citation appears in a *bankruptcy court* opinion rather than a District Court opinion. At issue in the case is whether this bankruptcy court in the Western District of Tennessee should grant a Motion to Extend Time to File an Appeal. This citation could in principle bolster Appellants' position that the Bankruptcy Court here erred in denying their Motion to Extend Time. Crucially, however, it does nothing to support the argument that *this Court* presently possesses jurisdiction to review the Bankruptcy Court's denial of the Motion to Extend Time without a separate and specific notice of appeal.

*Todd* involved a dispute over the "excusable neglect" standard for late filings under 8002(d)(1)(B) after appellants missed the fourteen-day filing window under 8002(d)(1)(A). The court there found the notice of appeal, filed eighteen days after the entry of the order, to be within the 8002(d)(1)(B) window and remanded the case to the bankruptcy court for a determination on

4

the issue of "excusable neglect." *Todd*, 2020 U.S. Dist. LEXIS 53734, at *3. Appellants emphasize that the District Court remanded the case "even though appellant there never sought an extension" (ECF No. 10 at 4) and that the court "assumed jurisdiction and ordered that the matter be remanded." (*Id.*) Appellants go on to suggest they have a stronger position here than that of the party in *Todd*:

> Unlike Todd, here, there was no requirement that appellants demonstrate excusable neglect as the 14-day period was complied with. And appellants here did ask this court to review the Bankruptcy Court's denial of their extension application. Thus, appellants here have a much stronger argument than appellants in Todd to assert that this court has jurisdiction *to review whether Judge Ferguson abused her discretion in denying the motion to extend.*

(ECF No. 10 at 4 (emphasis added).)

Absent a separate notice of appeal, this court does not have jurisdiction "to review whether Judge Ferguson abused her discretion in denying the motion to extend." (*Id.*) In *Todd*, the case was remanded so the bankruptcy court could decide whether the timeframe to file a notice of appeal should be extended, which, based on the filing dates (i.e. the notice of appeal being filed after the 14-day period but before the additional 21-day period), required a showing of excusable neglect. That decision would dictate whether the notice of appeal was timely filed. Here, there is nothing to remand because the Bankruptcy Court adjudicated Appellants' motion to extend time. That motion was denied, and the order was not appealed. Therefore, "whether Judge Ferguson abused her discretion in denying the motion" is not before this Court.

Appellants imply that they are somehow on better footing than the appellant in *Todd*, because they filed a motion to extend where the appellant in *Todd* only filed a notice of appeal. This is inapposite. That the appellant in *Todd* failed to file a motion to extend time is simply an irrelevant observation which adds nothing to strengthen Appellants' argument. The issue in *Todd*

is straightforward: because the appellant filed a notice of appeal after the fourteen-day window of Rule 8002(d)(1)(A) but before the subsequent twenty-one-day window of subsection (d)(1)(B), the appellant must have shown "excusable neglect" for filing past the fourteen-day window. Here, the question is whether a motion to extend time to file an appeal, filed with the district court, can afford this Court jurisdiction to review a denial of a motion to extend time to appeal. The court in *Todd* does not speak to this issue.

Appellants claim they "did ask this court to review the Bankruptcy Court's denial of their extension application." (ECF No. 10 at 4.) It is again unclear where such a request might be, other than in the Motion to Extend Time filed on January 21, 2021. (ECF No. 4.) Appellants fail to demonstrate how the mere filing of a motion to extend time with the district court confers jurisdiction upon this Court to consider the Bankruptcy Court's denial of an extension.

The last case Appellants turn to is *Amelio*, in which the district court found itself lacking jurisdiction to review an untimely appeal from a bankruptcy court. *Amelio*, 2020 U.S. Dist. LEXIS 223959 at *17–18. The timeline in that case is relevant here: on January 21, 2020, the Bankruptcy Court entered the later-appealed order; a docket entry noting the closure of the debtor's case appeared on March 23, 2020; on April 6, 2020, the debtor filed a notice of appeal. *Id.* at *9–10. The court there found the April appeal untimely, as the appellant filed it two months after the entry of the order on January 21, 2020 in violation of 8002(a)(1). *Id.* at *18. The court refused to mark the 8002(d) window for appeals from the March 23, 2020 docket entry: "If an appeal of a docket entry stating the closure of a proceeding were to confer appellate jurisdiction on a district court to review prior orders in the case, Rule 8002's explicit terms and clear purpose would be rendered dead letter." *Id.* at *14.

Appellants contend this case demonstrates that "the District Court retains the power to review denial of extensions of the Bankruptcy Judge for filing notices of appeal *nunc pro tunc* without having to file a separate appeal as contended here." (ECF No. 10 at 5.) Yet Appellants immediately undermine this contention by pointing to the section of *Amelio* in which the court discusses appeals *nunc pro tunc*:

> Before the 2014 amendments to the Bankruptcy Rules, some district courts in this Circuit reviewed an untimely notice of appeal, combined with evidence of intent to request an extension, to determine whether the district court may extend the appeal *nunc pro tunc* pursuant to Rule 8002 . . . . The amended Rule 8002(d)(1), however, expressly states that it is the bankruptcy court which may grant the extension . . . . The Court need not decide the issue of whether a district court may grant an extension *nunc pro tunc* pursuant to Rule 8002(d)(1), however, as Debtor neither requests an extension nor provides any justification for missing the fourteen-day deadline.

*Amelio*, 2020 U.S. Dist. LEXIS 223959 at *19 n.12.

Appellants argue, despite the differences between the present case and *Amelio*, "the court there never questioned its own jurisdictional authority to address the issue of the untimeliness and, in proper circumstances, grant an extension *nunc pro tunc*." (ECF No. 10 at 6.)

Appellants first appear to misdiagnose what they must prove. It is not relevant that the court in *Amelio* "never questioned its own jurisdictional authority to address the issue of untimeliness." This Court similarly does not question its jurisdictional authority to address the issue of untimeliness as such. If given facts similar to those in *Amelio*, this Court likely would have possessed jurisdiction to review the timeliness of a notice of appeal in relation to a docket entry noting the closure of the case. Appellants, however, face a challenge as to whether that jurisdictional authority may be based on a Motion to Extend Time which the Bankruptcy Court denied and which Appellants subsequently re-filed with the District Court two months after the

entry of the initial order. In such a circumstance, it is proper for this Court to question its jurisdictional authority.

Appellants' discussion of *nunc pro tunc* appeals adds little to their argument. Appellants improperly deduce an unjustified conclusion from language in the *Amelio* footnote. The court there is explicit that it "need not decide the issue of whether a district court may grant an extension *nunc pro tunc* pursuant to Rule 8002(d)(1) . . . as Debtor neither requests an extension nor provides any justification for missing the fourteen-day deadline." *Amelio*, 2020 U.S. Dist. LEXIS 223959 at *19 n.12.

Appellants mistakenly construe this holding to mean that, because they requested an extension, this court must grant it *nunc pro tunc*. (ECF No. 10 at 6.) The Court disagrees. The court in *Amelio* did not indicate which way it might come out if given the opportunity to address this question. The court only states that it does not consider the question of *nunc pro tunc* appeals, providing no advisory opinion on the matter. Appellants cannot justifiably conclude from *Amelio* that their request of an extension necessarily means this Court "should and must . . . grant their motion to extend the time for filing notice of appeal *nunc pro tunc*." (ECF No. 10 at 6.)

Appellants fail to show how this Court possesses jurisdiction to review the Bankruptcy Court's denial of their Motion to Extend Time merely on the basis of another (virtually identical) Motion to Extend Time filed in the district court after the Bankruptcy Court's denial. Therefore, the motion to extend time is **DENIED**.[2]

---

[2] The difference between November 17, 2020, and November 19, 2020, dictates whether Appellant's motion for an extension of time filed with the Bankruptcy Court was timely and whether Appellants were required to show excusable neglect. *See* Fed. R. Bankr. P. 8002(d)(1). However, because Appellants did not directly appeal the January 19, 2021 Bankruptcy Court's order denying the motion to extend time, *see supra* Part II, that issue is not before this Court. It is not relevant to this appeal—an appeal of the November 17, 2020 order entered on November 19, 2020—whether the motion for an extension of time was timely filed or showed excusable neglect.

### III. TIMELINESS OF APPEAL OF BANKRUPTCY ORDER

Because this Court finds itself lacking jurisdiction to review the Bankruptcy Court's denial of the Motion to Extend Time filed on December 3, 2020, the denial stands. The remaining question is whether the appeal of the original Bankruptcy Order is timely given the denial of the Motion to Extend Time.

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), a notice of appeal must be filed within fourteen days of the date of the "entry" of the order being appealed. Fed. R. Bankr. P. 8002(a)(1); *see also In re Lin*, No. 15-1335, 2015 WL 6687997, at *1 (D.N.J. Oct. 30, 2015). The bankruptcy court may extend this time pursuant to Rule 8002(d) "upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1); *In re 40 Lakeview Drive, LLC*, 716 F. App'x 136, 138 (3d Cir. 2018). Therefore, there is a thirty-five-day window, beginning at the date of the entry of the initial order, to file a notion to extend time to appeal with the Bankruptcy Court. The last twenty-one days of this window require an additional showing of "excusable neglect."

Appellants filed a Motion to Extend Time on December 3, 2020, fourteen days after the November 19, 2020 entry of the Bankruptcy Order dated November 17, 2020. Appellees argue the January 19, 2021 denial of the Motion to Extend Time by the Bankruptcy Court rendered the filing of the Notice of Appeal untimely. (ECF No. 6 at 4.)

The question before the Court is whether Appellants' Notice of Appeal filed on December 23, 2020, appealing the November 17, 2020 order entered on November 19, 2020, was timely filed. Being that the Bankruptcy Court denied Appellant's motion to extend time to file a notice of appeal, the appeal was due within fourteen days of the order which Appellants seek to appeal, as prescribed by Rule 8002(a)(1). The Notice of Appeal filed on December 23, 2020, was clearly

filed outside of that window. This Court therefore lacks jurisdiction to hear the appeal. *In re Caterbone*, 640 F.3d at 110 (holding "the prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional").

This Court lacks authority to extend the time for filing an appeal beyond that allotted in the Federal Rules of Bankruptcy Procedure. *See id*. Appellants' filed their Notice of Appeal outside the prescribed timeframes of Rule 8002. Therefore, the Notice of Appeal is untimely and this Court is without jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, this Court lacks jurisdiction to review the Bankruptcy Court's denial of Appellants' motion to extend time as well as Appellants' appeal of the November 2020 Bankruptcy Order. Therefore, the Appellant's Motion to Extend Time is **DENIED** and the appeal is **DISMISSED**.

Dated: September 30, 2021

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**