**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br>JOHN MICHAEL WALSH and<br>ROSEMARY JOANNE WALSH,<br><br>Debtors.<br><br>MICHAEL WALSH and<br>ROSEMARY JOANNE WALSH,<br><br>Appellants,<br><br>v.<br><br>CHICAGO TITLE<br>INSURANCE COMPANY,<br><br>Appellee. | On Appeal From:<br>Case No. 19-13567<br>Adv. Pro. 19-01971<br>Hon. Kathryn C. Ferguson, U.S.B.J.<br><br><br>Case No. 2:20-cv-20220 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Motion for Reconsideration (ECF No. 14) filed by Michael and Rosemary Joanne Walsh ("Appellants"), seeking reconsideration of the September 30, 2021 Order and Opinion (ECF Nos. 12 and 13), which denied Appellants' Motion for Extension of Time to File an appeal and Appellants' appeal of the Bankruptcy Court's order that entered default against them. Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Appellants' Motion for Reconsideration is **DENIED**.

**I.     BACKGROUND**

Because the Court has previously described the factual background and procedural history of Appellants' case at length (ECF No. 12 at 1-3), the Court will only briefly describe matters relevant to the pending motion.

Signed on November 17, 2020, and entered on November 19, 2020, the Bankruptcy Court stroke Appellants' answer from the record, and a non-dischargeable default judgment was entered against Appellants for $175,000.00 ("Default Order"). (ECF No. 3 at 3; ECF No. 1-2 at 3; ECF No. 6-2 at 5.) On December 23, 2020, Appellants filed a Notice of Appeal with the Court appealing the Bankruptcy Order. (ECF No. 1.)

On December 3, 2020, Appellants filed a Motion to Extend Time to File Appeal with the Bankruptcy Court. (ECF No. 3 at 2.) On January 19, 2021, the Bankruptcy Court denied Appellants' Motion to Extend Time to File Appeal ("Appeal Extension Denial"). (ECF No. 6-5 at 1.) On January 21, 2021, Appellants filed a Motion to Extend Time to File Appeal with the Court. (ECF No. 4.)

After holding a hearing on June 8, 2021 (ECF No. 8) and reviewing the parties' supplemental briefs (ECF Nos. 10, 11), the Court concluded a jurisdictional defect barred the Court from reviewing the Bankruptcy Court's Appeal Extension Denial as well as Appellants' appeal of the Bankruptcy Court's Default Order. (ECF No. 12.) Now Appellants ask the Court to reconsider that decision.

**II.    LEGAL STANDARD**

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010); *see also Langan*

*Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits a clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.,* Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### III. DECISION

Appellants appear to be seeking reconsideration to correct a clear error of law or fact or to prevent manifest injustice (ECF No. 14-1 at 2.) This is one of the bases for challenging the Court's previous order. *See United States ex rel. Schumann*, 769 F.3d 837, 848-49 (3d Cir. 2014).

As a preliminary matter, the Court notes Appellants' appeal of the Default Order was untimely (ECF No. 12 at 10), and Appellants never offered any kind of "excusable neglect" for their untimely appeal. (ECF No. 1.) *In re Caterbone*, 640 F.3d 108, 114 (3d Cir. 2011) (disallowing a party to claim excusable neglect after the time period has expired under Fed. R. Bankr. P. 8002); *Sheridan Broad. v. Sound Radio*, 109 F.3d 873 (3d Cir. 1997) (holding that "[t]he failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review").

This leaves the only issue Appellants are asking the Court to reconsider to be whether the Court had the authority to rule on Appellants' Motion for Extension of Time to File Appeal. (ECF No. 14-1 at 2.) The plain language of the statute shows the Bankruptcy Court, not the District Court, has the authority to extend the time to appeal. Fed. R. Bankr. P. 8002(d)(1) ("*[T]he Bankruptcy Court* may extend the time to file a notice of appeal . . . .") (emphasis added); *see*

*United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240–41 (1989) ("[A]s long as the [bankruptcy] statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the [bankruptcy] statute.").

Nonetheless, Appellants argue the Court somehow has the authority to override the Bankruptcy Court's Appeal Extension Denial in light of the gap in time between the filing of the motion and the entry of the denial. (ECF No. 14-1 at 2, 5.) For the Court to have jurisdiction over the appeal of the Bankruptcy Court's Appeal Extension Denial order, Appellants must file a notice of appeal with the Bankruptcy Court as to the Bankruptcy Court's Appeal Extension Denial, in order to give notice of their challenge. Fed. R. Bankr. P. 8003(a)(1) ("An appeal from a . . . decree of a bankruptcy court to a district court . . . *may be taken only by* filing a notice of appeal with the bankruptcy clerk[.]") (emphasis added); Fed. R. Bankr. P. 8004(a) ("To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party *must file with the bankruptcy clerk* a notice of appeal . . . .") (emphasis added). Failure to file a notice of appeal with the Bankruptcy Court as to the specific challenged order defeats jurisdiction, even under a liberal standard interpreting notice of a bankruptcy court order appeal. *See Dorsey v. U.S. Dep't of Educ. (In re Dorsey)*, 870 F.3d 359, 363 (5th Cir. 2017) ("[E]ven courts that do not require strict compliance with Rule 8003(3) recognize that some documents are not notices of appeal."). Appellants never filed any notice of appeal with the Bankruptcy Court regarding the Bankruptcy Court's Appeal Extension Denial. Therefore, the Court has no jurisdiction to entertain the Bankruptcy Court's Appeal Extension Denial. *In re Caterbone*, 640 F.3d at 112–14 (holding that timely notice of appeal is a jurisdictional requirement under 28 U.S.C. § 158(c)(2) and remanding to the district court with instructions to dismiss the late-filed appeal for lack of subject matter jurisdiction). All of this was explained in the Court's prior opinion. (ECF No. 12 at 9, 10.)

In essence, Appellants are attempting to relitigate the issues previously decided in the September 30, 2021 Order and Opinion. This is not a valid basis for a motion for reconsideration. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (expressly forbidding the use of a motion for reconsideration to relitigate a motion).

### IV.　CONCLUSION

For the reasons set forth above, Appellants' Motion for Reconsideration (ECF No. 14) is **DENIED.**

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  December 9, 2021